**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4404**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

ERIC WAYNE ZUSPAN,

              Defendant – Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge.  (1:09-cr-00081-IMK-JSK-1)

Submitted:  January 31, 2011              Decided:  March 7, 2011

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling,
West Virginia, for Appellant.  Andrew R. Cogar, Assistant United
States Attorney, Clarksburg, West Virginia, Betsy C. Jividen,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Wayne Zuspan appeals from his conviction and thirty-seven-month sentence entered pursuant to his guilty plea to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 (2006), and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Zuspan knowingly and voluntarily pleaded guilty. In what this court construes as his pro se supplemental brief, Zuspan asserts that he received ineffective assistance of counsel. The Government has filed a motion to dismiss the appeal on the basis of the appellate waiver contained in Zuspan's plea agreement. Zuspan's counsel opposes this motion.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Zuspan voluntarily and knowingly waived his right to appeal. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds

2

the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). The only claim raised by Zuspan that falls outside the scope of his appellate waiver is his assertion that counsel was ineffective. In addition, we are charged under Anders with reviewing the record for unwaived error. Thus, we grant the Government's motion to dismiss in part and dismiss the claims raised by counsel in his Anders brief. We deny the motion to dismiss with regard to Zuspan's ineffective assistance claim.

Although Zuspan's claim of ineffective assistance of counsel is not barred by the terms of his appellate waiver, we nevertheless cannot entertain it. Ineffective assistance of counsel claims are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such a claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id. An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). The

3

record before us fails to conclusively establish ineffective assistance. Thus, Zuspan's claim is not cognizable on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no unwaived and meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4